### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**CAROL PETERS**                                                                                              **PLAINTIFF**

**v.**                                                                              **CIVIL ACTION NO. 3:07CV-23-S**

**CHILD PROTECTIVE SERVICES**
**COMMONWEALTH OF KENTUCKY**                                                     **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Carol Peters filed a *pro se* complaint against the Commonwealth of Kentucky and Child Protective Services ("CPS") in Louisville and Shelbyville. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I.

Plaintiff filed her action on a court-supplied complaint form. As grounds for filing this case in federal court, she writes, "After numerous attacks by CPS on my family discriminating against my family and the disabilities of family members have CPS has prejudiced themselves against my family and denying myself service and family members just consideration, kidnapping of family members, retaliation through state agencies and denial of due process."

In the statement-of-claim portion of the complaint form, Plaintiff alleges that CPS (1) falsified court records and paperwork to the federal government with its false accusations against her and her family; (2) acted as a "Tortefeasor" throughout its investigation; (3) consistently "attacked and defamed the character and standing [of her and her family] in the community"; and (4) strung Plaintiff and her family along "in order to spend up required amount

of time required by federal rules to enact adoption process." She claims that "Dis[]abilities prevalent in family members were used as a predisposition by CPS to excuse their actions." She claims that the judge in the dependency case has been misled by CPS and that CPS's ultimate goal was to confiscate her children. According to Plaintiff, "It is an outrage the criminal kidnapping facilitated by CPS legal umbrella under the color of state law."

As relief, Plaintiff seeks (1) compensation for lost wages, medical fees, and other damages; (2) immediate return of her grandchildren to their mother or placement of her grandchildren with another family member willing to help; (3) a "support system to be put in place to help [Plaintiff's] disabled daughter to be reunited . . . with her missing children"; (4) "public acknowledgment" for herself and her family "for all wrong done and being done by CPS"; and (5) "All state workers, agencies, and judicial parties involved to be sanctioned and justly punished for their abuses . . . and tried for their crime."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that Plaintiff can prove no set of facts in support of his claim that would

entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "'does not require a court to conjure allegations on a litigant's behalf,'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001)), and the Court is not required to create a claim for the *pro se* Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### *Individuals not listed in the caption*

Only Carol Peters is listed as a Plaintiff in the caption of the complaint, and as Defendants in the caption, Peters writes, "CPA/Commonwealth of Kentucky Et. Alls." Elsewhere in the complaint, Peters designates her daughter, grandchildren, other family members and ex-husband as plaintiffs, and she provides summonses for the following individuals, who are not mentioned anywhere in the complaint:  Mr. Birdwhistle, Mr. Quarters, Staci Meadows,

Kathryn Bowles, Paige Shank, Christen Daughtery, Jacqueline P. Stamps, Renee Sartin, Linda Handorf, and Christi Doty.

Federal Rule of Civil Procedure 10(a) requires that "[i]n the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."  As only Carol Peters, CPS and the Commonwealth of Kentucky are named in the caption, they are the only properly named parties to this action.  And, as a reading of Rule 10(a) makes clear, Peters' use of "Et. Alls." in the caption of the complaint as an indication of other parties is improper.  The Court will, therefore, not consider any claims brought on behalf of or against any of those persons not listed in the caption.[1]

### *Carol Peters' claims against CPS and the Commonwealth of Kentucky*

Although not so specified by Plaintiff, because Plaintiff alleges claims of discrimination, retaliation and denial of due process against the Commonwealth of Kentucky and one of its agencies, the Court construes this action as being brought under 42 U.S.C. § 1983.  *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights.").

---

[1] The Court further notes that Carol Peters is the only person to sign the complaint.  To the extent Peters seeks to prosecute this action on behalf of the above listed family members, such an action constitutes the unauthorized practice of law, which is prohibited.  *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("Although 28 U.S.C. § 1654 provides that 'in all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake.").

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In the instant case, Defendants CPS and the Commonwealth of Kentucky are not "persons" acting under color of state law for § 1983 purposes. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff, therefore, fails to state a claim for relief against these Defendants.

Additionally, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment[2] or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991). Therefore, the claims against CPS and the Commonwealth of Kentucky are also barred by the Eleventh Amendment. *See Robinson v. Child Protective Servs.*, No. 3:07CV-39-R, 2007 WL 1959170, at *2 (W.D. Ky. June 29, 2007).

---

[2]The Eleventh Amendment to the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

For these reasons, the instant action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
4411.005